UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLIFTON COZER GREENE | CIVIL ACTION NO. 14-cv-3348 |
| VERSUS | JUDGE FOOTE |
| N. BURL CAIN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Clifton C. Greene ("Petitioner") was convicted of a first-degree murder committed in August 1993 and given a mandatory sentence of life in prison without benefit of parole, probation, or suspension of sentence. Petitioner states that he was 17 years old at the time of his crime, and he seeks to challenge the constitutionality of his sentence in light of Miller v. Alabama, 132 S.Ct. 2455 (2012), which held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment.

Petitioner had already filed one habeas petition that was decided on the merits of different issues years ago. This court stayed this new action so Petitioner could seek the required authorization of the Fifth Circuit to file a second or successive habeas petition. The Fifth Circuit later granted Petitioner's motion to file a successive application. Doc. 7.

This court then directed that the State be served and that the district attorney for Sabine Parish file an appearance in the case. The court directed that the State need not file an answer or brief at the time, as the court would monitor the proceedings in Montgomery

v. Louisiana, in which the Supreme Court had granted certiorari on whether Miller applied retroactively to cases on collateral review (such as this one). The court stated that it would advise the parties on how to respond once a ruling issued in that case.

The Supreme Court recently issued its decision in Montgomery v. Louisiana, 2016 WL 280758 (2016) and held that "Miller announced a substantive rule that is retroactive in cases on collateral review." The Court stated that its holding "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole." It noted that a state may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. It cited as an example recent Wyoming legislation that allowed juvenile homicide offenders eligibility for parole after 25 years. The judgment of the Supreme Court of Louisiana was reversed, and the case was remanded for further proceedings not inconsistent with the Montgomery opinion.

Louisiana faced a similar situation after Graham v. Florida, 130 S.Ct. 2011 (2010) held that the Eighth Amendment forbids the imposition of life without parole for persons who are under 18 when they committed crimes other than homicide. The Court directed that states must provide some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. That affected the sentences of some juvenile offenders in Louisiana, which mandates a life sentence without parole for aggravated rape. The Supreme Court of Louisiana declared a judicial remedy in State v. Shaffer, 77 So.3d 939 (La. 2011),

and the legislature acted soon afterward by amending a parole statute to allow parole consideration for such prisoners after certain conditions were met. See Hedgespeth v. Warden, 2015 WL 1089325 (W.D. La. 2015).

It will likely be a few months before the Supreme Court of Louisiana takes further action in Montgomery. It is also possible that the Louisiana legislature will address the issue. Either will likely go a long way in determining what relief may be available to Petitioner in this case. This court will, accordingly, continue to monitor the proceedings related to Montgomery and will advise the parties when further action is needed. The State need not file an answer or brief until such is requested by the court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of January, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge