UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLIFTON COZER GREENE            CIVIL ACTION NO. 14-cv-3348

VERSUS            JUDGE FOOTE

N. BURL CAIN            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Clifton C. Greene ("Petitioner") was 17 years old when he committed a murder in Sabine Parish. He was convicted of a first-degree murder in August 1993 and given a mandatory sentence of life in prison without benefit of parole. Petitioner filed this habeas corpus proceeding to challenge the constitutionality of his sentence in light of Miller v. Alabama, 132 S.Ct. 2455 (2012), which held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment.[1] For the reasons that follow, it is recommended that the petition be granted and the State be ordered to resentence Petitioner in compliance with Miller within 120 days of this court's judgment.

---

[1] Petitioner filed an earlier habeas petition years ago that was decided on the merits of different issues. This court stayed this new action so Petitioner could seek the required authorization of the Fifth Circuit to file a second or successive habeas petition. The Fifth Circuit granted Petitioner's motion to file a successive application, which allowed this case to proceed. Doc. 7.

**Relevant History**

Petitioner was 17 years old when he participated in a drive-by shooting that resulted in a murder. He was convicted of first-degree murder but not given the death penalty. The only other sentence available under the statute was life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. That natural life sentence was imposed.

Petitioner began seeking relief from his sentence after <u>Miller</u> held in 2012 that a juvenile convicted of a homicide could not be sentenced to life in prison without parole, absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing. <u>Miller</u> stated that it did not foreclose a sentencer's ability to impose a life sentence, but the sentencer must take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. The court opined that "appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." <u>Miller</u>, 132 S.Ct. at 2469.

Petitioner filed in state court, a few months after <u>Miller</u> issued, a Motion to Reconsider and/or Correct an Illegal Sentence. Judge Beasley set the matter for a hearing, at which Petitioner was present. The court offered to appoint counsel, but Petitioner stated that he would like to proceed without counsel. Petitioner submitted prison conduct records, education records, and the like, and he stated that he was deeply sorry for what he had done. He also noted that he grew up with a mother who was addicted to drugs, as a child he

witnessed his older sister get raped, and he often saw his aunt cut his uncle (and she eventually killed him). Judge Beasley concluded the hearing by stating: "I'm going to alter the gentleman's sentence to life with parole."

The District Attorney filed a motion to correct the sentence on the grounds that life with parole was not a legally recognized sentence under state law. The motion stated in paragraph three that the sentence should be amended to "life imprisonment at hard labor." The prayer of the motion was different; it asked that the sentence be amended to "life with the possibility of parole." The judge then signed an order, which appears to have been drafted by the District Attorney, that stated the sentence was amended to "life imprisonment at hard labor."

The court has not ordered the full state court record, as it usually does in habeas petitions decided on the merits, but the available record attached to the petition indicates that Petitioner pursued relief within the state court system. He reached the Supreme Court of Louisiana, which held that the trial court erred in granting Petitioner's motion by amending the sentence to reflect that it was no longer without benefit of parole. The Court stated that the trial court had erred in granting any relief because the Supreme Court of Louisiana had held that Miller was not retroactive to final sentences. The original sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence was reinstated. State ex rel. Clifton Cozer Greene, 147 So.3d 685 (La. 2014).

The United States Supreme Court later issued <u>Montgomery v. Louisiana</u>, 136 S.Ct. 718 (2016) and took a different view of the retroactive applicability of <u>Miller</u> to cases such as this. <u>Montgomery</u> held that "<u>Miller</u> announced a substantive rule that is retroactive in cases on collateral review." The Court stated that its holding "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole." It noted that a state may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. It cited as an example recent Wyoming legislation that allowed juvenile homicide offenders eligibility for parole after 25 years. The judgment of the Supreme Court of Louisiana was reversed, and the case was remanded for further proceedings not inconsistent with the <u>Montgomery</u> opinion.

The Supreme Court of Louisiana recently issued a decision in <u>State v. Montgomery</u>, _____ So.3d _____, 2016 WL 3533068 (La. 6/28/16) and offered guidance to the state courts on how to address such cases. The Court noted that the Louisiana legislature, during the 2016 session, had before it proposed legislation to address these cases, but the legislature ultimately failed to take action. In the absence of a specific legislative directive, the Court instructed lower courts to look to other statutory provisions regarding sentencing and eligibility for parole. The Court cited a number of federal district court opinions from the Eastern District of Louisiana that had ordered habeas petitioners be resentenced in conformity with <u>Miller</u> within a specified time or be released from confinement.

**Motions to Dismiss**

The District Attorney filed a Motion to Dismiss (Doc. 13) and asked that the case be dismissed with prejudice because on November 14, 2012 the trial court amended the sentence to life with parole, which the District Attorney represents afforded Petitioner the relief he seeks. The District Attorney attached minutes of the hearing at which Judge Beasley granted that relief, but this overlooks the fact that the District Attorney himself moved for and was granted a reconsideration of that sentence, and the Supreme Court of Louisiana ultimately vacated any relief and imposed the original natural life sentence. Accordingly, the motion to dismiss does not have merit.

Petitioner filed a Motion to Dismiss Without Prejudice (Doc. 12) and asked the court to dismiss his petition without prejudice and remand his case to the state court for resentencing. A federal habeas court grants or denies relief, and it may vacate a sentence. It is not unheard of for a federal habeas court to say that a case is "remanded" for the granting of relief, but the case did not come to federal court on an appeal from a state court or by removal, so remand is not technically proper.

A habeas petition is an original proceeding that is a collateral attack on the state court judgment. The typical remedy in habeas corpus is physical release. "Habeas exists 'to enforce the right of personal liberty; when that right is denied and a person is confined, the federal court has the power to release him. Indeed, it has no other power; ... it can only act on the body of the petitioner.' " Zalawadia v. Ashcroft, 371 F.3d 292, 299 (5th Cir.2004)

(omission in original) (quoting Fay v. Noia, 83 S.Ct. 822 (1963); Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010). The proper habeas remedy for this case will be discussed below.

**Appropriate Relief**

The court has not ordered the filing of the entire state court record or full briefing, but it appears plain that Petitioner's mandatory life sentence is unconstitutional under Miller and Montgomery. A federal habeas judge who determines that relief is warranted ordinarily does not order the immediate release of a prisoner. Instead, she grants a conditional release order which provides for release of the petitioner after a reasonable time unless the State either retries the petitioner or otherwise corrects the constitutional violation. The practice was described in Smith v. Lucas, 9 F.3d 359, 366-67 (5th Cir. 1993) as follows:

> In the conditional writ cases, the federal court has determined that it has the authority to order immediate release of the prisoner as a result of the federal law violation; the court chooses, however, to delay the writ to allow the state to correct the problem as best it can. Although the federal court, in doing so, may certainly suggest a corrective procedure in broad terms, the real thrust of the order is to alert the state court to the constitutional problem and notify it that the infirmity must be remedied.

Other district courts that addressed cases in this posture have granted the writ and ordered that the sentence of life imprisonment without benefit of probation, parole or suspension of sentence is vacated, and that the state trial court was ordered to resentence the petitioner in conformity with Miller within 90 or 120 days or, in the alternative, release him from confinement. See, e.g., Williams v. Cain, 2016 WL 3877973 (E.D. La. 2016) (Brown, J.); Trevathan v. Cain, 2016 WL 1446150 (E.D. La. 2016) (Englehardt, J.); Palmer v. Cain, 2016

WL 2594753 (E.D. La. 2016) (Zainey, J.); and <u>Gilliam v. Cain</u>, 2016 WL 3060254 (E.D. La. 2016) (Brown, J.) (also rejecting an argument that further exhaustion was required post-<u>Montgomery</u>). The undersigned agrees with those courts as to the proper remedy in this case.

Petitioner has an interest in promptly obtaining his remedy. The state courts are likely dealing with a number of similar cases at this time and attempting to become familiar with the requirements of <u>Miller</u> and the recent Louisiana Supreme Court decision in <u>Montgomery</u>. Allowing 120 days for the State to remedy the constitutional violation through resentencing will allow adequate promptness and permit the state courts a reasonable period to fully consider the sentencing issues under Miller (and the Supreme Court of Louisiana's instructions in <u>Montgomery</u>). If Petitioner receives a new sentence but is not satisfied with it, he should seek relief first through the state courts and exhaust his state court remedies before again presenting a federal habeas petition.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be granted by vacating Clifton Cozer Greene's sentence of life imprisonment without benefit of probation, parole or suspension of sentence, and the state trial court should be allowed 120 days from the entry of this court's judgment to resentence Greene in compliance with <u>Miller v. Alabama</u>, 132 S.Ct. 2455 (2012).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days

from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge